**Elaine FREDERICK, widow of Walter Frederick, Petitioner-Appellant,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent-Appellee.**

No. 85–7753.

United States Court of Appeals, Eleventh Circuit.

Jan. 26, 1987.

Ralph E. Coleman, Birmingham, Ala., for petitioner-appellant.

Barbara E. Kahl, J. Michael O'Neill, Michael Denney, Office of Sol., U.S. Dept. of Labor, Washington, D.C., for respondent-appellee.

Before HILL and HATCHETT, Circuit Judges, and THOMAS *, Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

This is an appeal by a coal miner's widow following a reversal by the Benefits Review Board of an Administrative Law Judge's award of benefits to the widow.

The case arose upon the filing of an application for benefits under Part B of the Black Lung Benefits Act, as amended, 30 U.S.C. 901, *et seq.* (the "Act") by Walter Frederick (the "miner") on March 26, 1973. The claim was administratively denied by the Social Security Administration ("SSA") on September 26, 1973, and following reconsideration the claim was again denied by an Administrative Law Judge on October 18, 1974.

The miner died on February 21, 1978. On the miner's death certificate, the cause of death was listed as respiratory failure due to bilateral pneumonia as a consequence of a urinary tract infection. Elaine Frederick (the "claimant") filed a surviving widow's claim on September 24, 1979. Prior to this, on March 28, 1978, claimant had sought review of the claim which was denied by SSA on June 11, 1979. The claim was then automatically transferred to the U.S. Department of Labor which denied the claim on December 7, 1979, and again on June 27, 1980.

The claim was then, on August 7, 1980, transferred to the Office of Administrative Law Judges. A formal hearing was held in Birmingham, Alabama, on December 10, 1981. On August 24, 1982, Administrative Law Judge Robin S. Heyer (the "ALJ") issued a Decision and Order awarding benefits. The ALJ credited the miner with eleven years of coal mine employment, but found that under 20 C.F.R. § 727.203(b)(2), the interim presumption of total disability due to pneumoconiosis arising out of coal mine employment had not been "formally raised." However, the ALJ went on to award benefits based on a combination of factors. The factors which led the ALJ to award benefits were:

(1) The miner had not had a medical checkup in over four years prior to his death and his condition could have logically worsened in that time;

(2) The miner had eleven years of coal mine employment experience;

(3) The miner died due to respiratory problems, specifically respiratory failure due to bilateral pneumonia as a consequence of a urinary tract infection;

(4) The close proximity of the miner's 1973 spirography to disabling levels;

(5) The lay testimony as to "shallow breathing and noise when he [the miner] slept." Plus, by testimony concerning the miner's inability to take part in normal

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

815

activities for the last two years prior to his death, due to the uncontroverted fact the miner was "practically bedridden for the last two years of his life"; and

(6) The claimant, being the miner's widow, had increased difficulties in proving her case due to the miner's death some eight years prior.

As pointed out on appeal, the ALJ did not cite a code section which justified his award of benefits to the widow. The Director, Office of Workers' Compensation Programs, United States Department of Labor (the "respondent") subsequently filed a motion for reconsideration, which the ALJ summarily denied on December 14, 1982. The respondent thereupon filed a Notice of Appeal with the Benefits Review Board (the "Board") and submitted a petition for review and a supporting brief. On September 25, 1985, the Board reversed the ALJ's award of benefits. The Board in its holding stated: "There was insufficient evidence to support a finding of entitlement under any regulatory criteria."

This court disagrees with the Board's conclusions. The Benefits Review Board is required to affirm an ALJ's decision if it is "supported by substantial evidence in the record as a whole." 33 U.S.C. 921(b)(3), made applicable to these proceedings under the Act by incorporation at 30 U.S.C. 932(a). We agree with the ALJ's findings of fact and find that there is adequate evidence in the record to support the ALJ's award of benefits to the claimant under 20 C.F.R. 410.414(b)(4) and/or 410.-414(c). 20 C.F.R. 410.414(b)(4) provides:

> However, where the evidence shows a work history reflecting many years of ... coal mine employment (although less than 15), as well as a severe lung impairment, such evidence may be considered, the exercise of sound judgment, to establish entitlement in such case, provided that a mere showing of a respiratory or pulmonary impairment shall not be sufficient to establish such entitlement.

Section 410.414(c) is particularly applicable in this case due to the difficulties of proof since the miner has been dead for over eight years. We quote Sec. 410.414(c):

> Even though the existence of pneumoconiosis is not established ..., a finding of total disability due to pneumoconiosis may be made if other relevant evidence establishes the existence of a totally disabling chronic respiratory or pulmonary impairment, and that such impairment arose out of employment in a coal mine. As used in this paragraph, the term "other relevant evidence" includes medical tests such as blood gas studies, electrocardiograms, pulmonary function studies, or physical performance tests, and any medical history, evidence submitted by the miner's physician, his spouse's affidavits, and in the case of a deceased miner, other appropriate affidavits of persons with knowledge of the individual's physical condition, and other supportive materials. In any event, no claim for benefits under Part B of Title IV of the Act shall be denied solely on the basis of a negative chest roentgenogram (x-ray).

This cause is REMANDED to the ALJ with the instructions to enter a judgment awarding benefits to the claimant in accordance with this order within 45 days.